UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER JOHNSON,

       Petitioner,

   v.                                 Case No. 16-cv-749-pp

UNITED STATES OF AMERICA,

       Respondent.

---

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE (DKT. NO. 1), DECLINING TO ISSUE A CERTIFICATE OF
APPEALABLITY, DENYING PETITIONER'S MOTION TO DISMISS AS MOOT
(WITHOUT PREJUDICE)(DKT. NO. 4), AND DISMISSING CASE**

---

On June 17, 2016, the petitioner filed a motion to vacate, set aside or correct sentence. Dkt. No. 1. In his 2008 criminal case, the petitioner had pled guilty to possessing with intent to distribute cocaine base (in violation of 21 U.S.C. §§841(a)(1) & (b)(1)(C)) and possessing a firearm in furtherance of a drug trafficking offense (in violation of 18 U.S.C. §924(c)). United States v. Johnson, Case No. 08-cr-196-cnc (E.D. Wis.), Dkt. No. 49. Because he had two prior convictions in Milwaukee County (robbery and burglary), the sentencing court concluded that he was eligible for a sentencing enhancement as a career offender U.S.S.G. §4B1.1(a), and that simple robbery qualified as a crime of violence under U.S.S.G.§4B1.2(a). On page three of the motion to correct his sentence, the petitioner raised one ground for relief: he argued that under

1

Johnson v. United States, 135 S. Ct. 2551 (2015), the residual clause in U.S.S.G. §4B1.2 was void for vagueness.

The government filed an unopposed motion to stay briefing pending the United States Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). Dkt. No. 3. On May 6, 2017, the Supreme Court issued its decision in Beckles, holding that the advisory sentencing guidelines, including §4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. Beckles, 137 S. Ct. at 895. Soon after, the petitioner filed a motion to dismiss without prejudice under Federal Rule of Civil Procedure 41(a)(2). Dkt. No. 4.

To the extent that the petitioner has intentionally limited the motion to correct his sentence to a single ground for relief based on the "unconstitutionally vague guideline provision" of the residual clause of U.S.S.G. §4B1.2, dkt. no. 1 at 3, the court must deny the motion under Beckles.[1]

With regard to the defendant's motion to dismiss the petition: Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the potential effect of voluntary dismissal of the petition would be no different from the potential effect of a ruling on the merits. Under AEDPA, a prisoner has one "single

---

[1] In arguing that simple robbery cannot constitute a crime of violence under the residual clause, the petitioner anticipates an argument that, post-Johnson, the offense remains a crime of violence under the force clause. See United States v. Otero, 495 F.3d 393 (7th Cir. 2007). Eleven pages of the petitioner's motion explain why the Seventh's Circuit's force clause analysis in Otero is no longer good law after Johnson I, and why it cannot fit within the residual clause after Johnson II. Because the Beckles Court rejected the petitioner's vagueness challenge to the residual clause of §4B1.2, the petitioner cannot prevail on his motion and the court will not address his force clause analysis.

unencumbered opportunity to pursue collateral review." <u>Vitrano v. United States</u>, 643 F.3d 229, 233 (7th Cir. 2011); 28 U.S.C. § 2255(h). Before filing a second or successive motion, the prisoner must obtain certification to do so from the court of appeals. <u>Id.</u> There is no requirement that the court must adjudicate the first petition on the merits in order for it to count as the prisoner's first motion. <u>Felder v. McVicar</u>, 113 F.3d 696, 697 (7th Cir. 1997). A voluntary dismissal may operate as a decision on the merits if the prisoner withdraws the motion because it has become clear to him that the court will deny the motion on the merits. <u>Potts v. United States</u>, 210 F.3d 770 (7th Cir. 2000).

Because <u>Beckles</u> acts as "handwriting on the wall," the court will deny the motion to correct the sentence on the merits, and will deny the motion to dismiss as moot. <u>See</u> <u>Potts</u>, 210 F.3d at 771 (motion was second or successive when the petitioner had an opportunity to receive a decision on the merits but flinched after receiving the opposition brief and "seeing the handwriting on the wall.") The court declines to issue a certificate of appealability, because after <u>Beckles</u>, the petitioner cannot demonstrate that reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issue presented is adequate to deserve further encouragement. 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004).

The court **DENIES** petitioner's motion to vacate, set aside or correct sentence. Dkt. No. 1. The court **DECLINES TO ISSUE** a certificate of

appealability. The court **DENIES** as moot petitioner's motion to dismiss as moot, without prejudice. Dkt. No. 4. The court **DISMISSES** the case.

Dated in Milwaukee, Wisconsin, this 28th day of April, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge